■ CONCETTA LUPPINO, Respondent, v ROCCO LUPPINO, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals (1) as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Rubenfeld, J.), dated June 25, 1986, as denied his motion for partial summary judgment dismissing the plaintiff's claims for financial relief, (2) as limited by his brief, from so much of an order of the same court, dated February 4, 1987, as granted the plaintiff's motion to compel him to comply with certain demands for disclosure, and (3) from an order of the same court dated April 29, 1987, which granted the plaintiff's motion to prohibit him from opposing or supporting any claims or defenses relating to the items of disclosure demanded unless such items were provided, and imposed a $250 sanction.

Ordered that the orders dated June 25, 1986, and February 4, 1987, respectively, are affirmed insofar as appealed from, and the order dated April 29, 1987, is affirmed, with costs.

The defendant's motion to dismiss the plaintiff's financial causes of action was properly denied. The antenuptial agreement does not state that the parties were waiving any future rights they might have against each other. Only claims and causes of action existing prior to the execution of the agreement were intended to be affected, and as the Supreme Court indicated, nothing was provided with respect to causes of action arising subsequent to the execution of the agreement and arising from the marital relationship.

We also find that the plaintiff's disclosure demands were not overly broad and that the sanctions imposed for failure to comply therewith were appropriate under the circumstances. Mangano, J. P., Brown, Lawrence, Weinstein and Kunzeman, JJ., concur.